IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA BANK & TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08-3336-CV-S-GAF |
| MIDDLE AMERICA WIRELESS, LLC, | ) ) ) | |
| Defendant. | ) | |

### ORDER

Presently before the Court are Plaintiff Mid-America Bank and Trust Company's ("Plaintiff") Motions to Quash. (Doc. ##30, 36, 37). In its Motions, Plaintiff seeks to quash Defendant Middle America Wireless, LLC's ("Defendant") requests for production of Suspicious Activity Reports ("SARs"), Bank Examination Reports, and written communications. *Id.*

Preliminarily, the Court notes it entered an Order on April 21, 2009 at Plaintiff's request staying a ruling on these pending Motions until the parties could confer and Plaintiff could file proper certification pursuant to Fed. R. Civ. P. 26(c)(1). (Doc. #51). That rule states a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[1] The Court does not see any subsequently filed certification in the record, Defendant avers that as of May 1, 2009 counsel for Plaintiff had not conferred with counsel for Defendant, and counsel for Plaintiff does not dispute this averment in its reply brief. (Doc. #62, p.1). While by its

---

[1] Plaintiff concedes the instant Motions required compliance with Fed. R. Civ. P. 26(c)(1). (Doc. #39) ("The motions to quash are in the nature of a protective order under Fed. Rule Civ. Proc. 26(5)(C)(1) and counsel wishes to comply with this rule.").

terms, the Court's Order of April 21 staying a ruling on these Motions appears still in effect in the absence of any certification filed by Plaintiff, the Court views Plaintiff's filing of its reply brief and failure to state that it intends to comply with Fed. R. Civ. P. 26(c)(1) in the near future as an indication that the Plaintiff now seeks a ruling on its Motions. Under the plain terms of Fed. R. Civ. P. 26(c)(1), Plaintiff's Motions to Quash are DENIED for failure to comply with the terms of the rule.

**IT IS SO ORDERED.**

                                              s/ Gary A. Fenner
                                              Gary A. Fenner, Judge
                                              United States District Court

DATED: **May 13, 2009**