IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MID-AMERICA BANK & TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 08-03336-CV-S-GAF ) |
| MIDDLE AMERICA WIRELESS, LLC, and U.S. SMALL BUSINESS ADMINISTRATION, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Presently before the Court is Defendant U.S. Small Business Administration's ("SBA") Motion to Dismiss. (Doc. #77). SBA alleges (1) Plaintiff Mid-America Bank & Trust Company ("Plaintiff") lacks constitutional standing to sue SBA, and (2) Plaintiff has failed to state a claim against it under Fed. R. Civ. P. 12(b)(6). *Id.* Plaintiff opposes the Motion, arguing that it has stated a claim against SBA and has standing to bring its declaratory judgment action because the case necessitates a determination of whether the contract between Plaintiff and SBA mandated Plaintiff to withhold the final loan distribution that is at issue in this case. (Doc. #115). For the reasons set forth below, the Motion to Dismiss is **DENIED**.

## DISCUSSION

**I.    Relevant Facts**[1]

In 2006, Defendant Middle America Wireless ("Middle America") applied for an SBA

---

[1] Unless otherwise noted, all facts are taken from Plaintiff's First Amended Complaint, Doc. #53.

1

guaranteed small business loan from Plaintiff. In December 2006, SBA provided Plaintiff with an Authorization 7(A) Guaranteed Loan ("Authorization") agreement in conjunction with the loan application. The Authorization contained the following clause:

> [E.] CONTINGENCIES - SBA issues this Authorization in reliance on representations in the Loan application, including supporting documents. The guarantee is contingent upon Lender:
> \* \* \*
> 5. Having no evidence since the date of the Loan application, or since any preceding disbursement, of any unremedied adverse change in the financial condition, organization, management, operation, or assets of Borrower which would warrant withholding or not making any further disbursement, and;
> 6. Satisfying all of the conditions in this Authorization.

The SBA agreed to guarantee the loan at issue. Middle America executed a SBA promissory note.

After it had made the loan and distributed a majority of the loan proceeds to Middle America, Plaintiff alleges it became aware Middle America was involved in "an extensive and fraudulent scheme to defraud [Plaintiff]." The alleged fraud scheme involved the loan at issue. Thereafter, Plaintiff withheld the final distribution of funds from Middle America. Plaintiff believed the aforementioned provision of the Authorization mandated it to withhold the funds and that this was at least one reason it chose to withhold those funds. (Doc. #115).

Plaintiff initiated this action seeking a declaratory judgment to the effect that it lawfully withheld the funds in question and that SBA's Authorization required it to withhold the funds once it discovered Middle America's alleged fraud. Middle America asserted counterclaims arising from the transaction and Plaintiff's failure to disburse loan funds. (Doc. #8). Middle America has also file a related state court action against Plaintiff. (Doc. #115). On June 6, 2009, the United States of America filed the present Motion to Dismiss on behalf of SBA, its agency. (Doc. #77).

2

**II.     Standards**

"Federal jurisdiction is limited by Article III, § 2, of the United States Constitution to actual cases and controversies." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). Constitutional standing is one mechanism used to enforce this "case and controversy" requirement. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Thus, whether a plaintiff has standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Steger*, 228 F.3d at 892. Standing requires that a plaintiff demonstrate: (1) she suffered an "injury-in-fact"; (2) a causal relationship between injury and the challenged conduct; and (3) that the injury is one that can likely be redressed by a favorable decision. *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The above standard applies whether an action is one seeking a declaratory judgment or one seeking more traditional coercive relief. *Hickman v. Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998).

Under Rule 12(b)(6), a court may dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). A Rule 12(b)(6) motion should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)); *see also Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999).

**III.    Analysis**

**A.     Standing**

Plaintiff has standing to bring its declaratory action against SBA. A party need not wait for an injury to occur to have standing so long as some actual injury is imminent. *See Lujan*, 504 U.S. at 559. Here, Plaintiff satisfies the injury prong of the test for standing because, if it is decided that Plaintiff wrongfully withheld loan funds from Middle America, Plaintiff could be subject to liability. Middle America has asserted various counterclaims against Plaintiff, which relate to Plaintiff's withholding of loan funds, and it has also filed a state court action alleging similar claims arising from the transaction. Thus, Plaintiff's injury is actual and imminent rather than hypothetical or conjectural. *See Id.*

The properness of Plaintiff's refusal, at least in part, may turn on whether it was mandated by the Authorization to refrain from disbursing the loan proceeds at issue. Thus, the second, causal relationship, part of the test is also met. *See Lujan*, 504 U.S. at 559 (requiring a causal relationship between injury and conduct). Lastly, Plaintiff's injury would also likely be redressed by a favorable decision. Specifically, if it is determined that Plaintiff was justified and legally entitled to withhold the funds at issue, it appears as though many of Middle America's counterclaims would fail. An interpretation of the Agreement and a determination as to its effect will be essential to answering the question of whether Plaintiff's actions were proper. Therefore, Plaintiff has met all requirements to establish proper standing. Accordingly, SBA's Motion to Dismiss for lack of standing is DENIED.

**B.     Failure to State a Claim**

Plaintiff has pled sufficient facts to allege a cause of action for declaratory judgment against SBA. The SBA cites 13 C.F.R. § 120.181, which provides that private lenders such as Plaintiff "are responsible for their own actions with respect to a 7(a) or 504 loan," for the proposition that it cannot be subjected to a declaratory judgment action stemming from Plaintiff's decision to withhold funds. (Doc. #77). Section 120.181's apparent disclaimer of liability, however, cannot be read in a vacuum and it is not yet clear whether the terms of the Authorization altered its effect. Plaintiff has pled facts sufficient to demonstrate a plausible question of the Authorization's legal effect and whether it did effectively mandate Plaintiff withhold the funds at issue. Therefore, Plaintiff has properly pled a claim for declaratory judgment upon which relief may be granted, and SBA's Motion to Dismiss under Rule 12(b)(6) is DENIED.

## CONCLUSION

Plaintiff has standing to bring its declaratory judgment action against SBA. Further, Plaintiff has stated a proper claim upon which relief may be granted. For the reasons set forth above, the present Motion to Dismiss is **DENIED**.[2]

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: **August 28, 2009**

---

[2] On July 6, 2009, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Doc. #86). Plaintiff sought to amend its Complaint in response to SBA's Motion to Dismiss. *Id.* Should Plaintiff still wish to amend its Complaint, its Motion to Amend is **GRANTED**. Plaintiff shall have up to and including ten (10) days from entry of this Order to do so.