# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| MID-AMERICA BANK & TRUST COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 08-03336-CV-S-GAF |
| MIDDLE AMERICA WIRELESS, LLC, ) and U.S. SMALL BUSINESS ) ADMINISTRATION, ) ) ) | |
| Defendants. ) | |

## ORDER

Presently before the Court are Plaintiff Mid-America Bank & Trust Company's ("Plaintiff") Motion to Dismiss Defendant Middle America Wireless, LLC's ("Middle America") Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) and Middle America's Motion for Leave to File Second Amended Counterclaim. (Doc. ##83, 104). Plaintiff argues Middle America has failed to plead facts with enough specificity to comply with Rule 8 and the United States Supreme Court's recent decision in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009). Before filing its response in opposition to Plaintiff's Motion to Dismiss, Middle America filed a Motion for Leave to amend its answer and counterclaim. (Doc. #104). Plaintiff's response in opposition to Middle America's Motion was due on August 6, 2009. (Doc. #104). Plaintiff did not respond, and the Motion is unopposed. All motions to amend pleadings or join parties must be file on or before October 15, 2009. (Doc. #99).

Because *Iqbal* was decided after Middle America filed its counterclaims, and because its Motion for leave to amend was timely filed and is unopposed, justice requires that Middle America be allowed an opportunity to amend its counterclaim. 129 S. Ct. 1937; *see also* Fed. R. Civ. P.

15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires.").

Accordingly, it is,

**ORDERED** that Plaintiff's Motion to Dismiss is **DENIED**, and Middle America's Motion for Leave to File Second Amended Counterclaim is **GRANTED**.[1,2]

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: August 28, 2009

---

[1] Upon realizing that its Motion to Dismiss should more appropriately be considered a motion for judgment on the pleading under Fed. R. Civ. P. 12(c), Plaintiff filed an alternative motion for judgment on the pleadings, which relied on the same arguments set forth it its Motion to Dismiss. (Doc. #109). The same legal standards apply to both Rule 12(b)(6) and 12(c) motions. *St. Paul Ramsey County Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187-88 (8th Cir. 1988). Therefore, for the reasons stated above, Plaintiff's alternative Motion for judgment on the pleadings is **DENIED** as moot.

[2] On July 6, 2009, Plaintiff filed a Motion to Stay Discovery Until All Parties are Before the Court on Their Pleadings. (Doc. #85). Plaintiff's main argument was that discovery should be stayed until the Court resolved the parties' motions to dismiss. *Id.* Plaintiff also argued that discovery should be stayed until after the Fed. R. Civ. P. 26(f) meeting of the parties. *Id.* The relevant motions to dismiss have now been resolved, and the Court sees no other reason to delay discovery. Therefore, Plaintiff's Motion to Stay is **DENIED**. If the parties have not already conducted the Rule 26(f) meeting, they have up to and including ten (10) days to do so.