IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA BANK & TRUST COMPANY, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| vs. | ) ) | Case No. 08-3336-CV-S-GAF |
| MIDDLE AMERICA WIRELESS, LLC and SMALL BUSINESS ADMINISTRATION, | ) ) ) ) ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

## ORDER

Presently before the Court is Defendant/Counterclaim Plaintiff Middle America Wireless, LLC's ("Middle America") Motion to Join Additional Parties filed pursuant to Fed. R. Civ. P. 19. (Doc. #149). Middle America seeks to add Rech DeLong, Don Landers, Dale Loveall, Robert Reed, Greg Luehmann, Ralph N. Gates, Elroy McMillan, Larry Gray, and Billy Ramsdall (collectively the "Board Members") as counterclaim defendants.[1] *Id*. Middle America states that "out of an abundance of caution" it believes the Board Members should be added as necessary parties because their "conduct . . . was so closely intertwined and associated with the tortious conduct of [Mid-America Bank & Trust Company] that in their absence complete relief cannot be accorded and [Middle America] would be required to file a separate action seeking relief against these parties."

---

[1] The Court notes with disfavor that Middle America attempted to add Gates as a party in its Second Amended Counterclaim without leave of Court despite its entry of a Motion to Join Ralph N. Gates (Doc. #124) on the same day its Second Amended Counterclaim was filed.

1

*Id.* Plaintiff/Counterclaim Defendant Mid-America Bank & Trust Company ("Mid-America") opposes. (Doc. #180).

Rule 19 instructs when a party must be joined, stating, in relevant part, a party must be joined if: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence" would either impede the person's ability to protect the interest or expose an existing party to a risk of incurring multiple or inconsistent obligations. Middle America has failed to demonstrate the above requirements are met.

No evidence presented indicates that Middle America will not be able to achieve the full and complete relief if seeks in its counterclaim against Mid-America if the Board Members are kept from being named as counterclaim defendants. Further, no evidence presented indicates that any of the Board Members claim an interest in the case. Under Rule 19, the Board Members are not "necessary parties" who must be added as counterclaim defendants.

Because Middle America has failed to demonstrate full relief will be unavailable in the Board Members' absence or that any of the Board Members claim an interest in the present case, Middle America's Motion to Join Additional Parties is **DENIED**.[2]

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: November 18, 2009

---

[2] Middle America's Motion to Join Additional Party Ralph N. Gates (Doc. #124) is **DENIED** as moot.